# EXHIBIT A

**IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT
JONES COUNTY, MISSISSIPPI**

**CLERK'S CERTIFICATE OF RECORD**

I, CONCETTA BROOKS, CHANCERY CLERK IN AND FOR SAID COUNTY AND STATE, DO HEREBY CERTIFY THAT THE FOREGOING AND ATTACHED, IS A TRUE AND CORRECT COPY OF THE RECORD IN THE STYLED AND NUMBERED CAUSE AND THE SAME APPEARS OF THE RECORD NOW ON FILE IN THIS OFFICE IN THE CITY OF ELLISVILLE, MISSISSIPPI.

WITNESS MY HAND AND SEAL OF THE CHANCERY COURT, THIS THE _13th_ DAY OF _March_ ,2015.

CONCETTA BROOKS, CHANCERY CLERK

JONES COUNTY, MISSISSIPPI

BY _Deborah Jones, d_

DEPUTY CLERK

**Jones County**

| | |
|---|---|
| **Case No:** | 2015-0044-E |
| **Style:** | HOWARD INDUSTRIES, INC. VS TERRY RIDGEWAYM BETH EZELL AND INLINE ELECTRIC SUPPLY COMPANY, INC. |
| **Presiding Judge:** | McKenzie Jr., Franklin C. |
| **Date/Time Filed:** | 02/27/2015 08:15:57 AM |
| **Court Type:** CHANCERY | **Case Type:** CIVIL |
| **Docket/Bk/Pg:** GENERAL | 30      155 |

## Nature of Case

Primary          CONTRACT - Breach of Contract

## Parties/Representatives

Plaintiff          HOWARD INDUSTRIES INC.          Primary Atty          YODER, RICHARD L
Defendant       RIDGEWAY, TERRY
                      EZELL, BETH
                      INLINE ELECTRIC SUPPLY CO

## Docket Entries

02/26/2015  COVER SHEET -
02/26/2015  COMPLAINT -
02/26/2015  NOTICE - NOTICEOF SERVICE(BETH EZELL)
02/26/2015  NOTICE - NOTICE OF SERVICE(INLINE ELECTRIC SUPPLY CO.)
02/26/2015  SUMMONS ISSUED - RULE 4 (30 day summons) - G.B. SUMMERVILE (AGENT) INLINE ELECTRIC
02/26/2015  SUMMONS ISSUED - RULE 4 (30 day summons) - BETH EZELL
02/26/2015  SUMMONS ISSUED - RULE 4 (30 day summons) - TERRY RIDGEWAY
02/27/2015  NOTICE - NOTICE OF SERVICE(TERRY RIDGEWAY)
03/12/2015  SUMMONS RETURNED - RULE 4 - PS ANSWER DUE 30 days - TERRY RIDGEWAY 3-2-15
03/12/2015  SUMMONS RETURNED - RULE 4 - PS ANSWER DUE 30 days - BETH EZELL 3-2-15

155

| **COVER SHEET** | Court Identification Docket # | Case Year | Docket Number |
|---|---|---|---|
| **Civil Case Filing Form** | 3 4 1 CH | 2 0 1 5 | D D 4 4 2 |
| *(To be completed by Attorney/Party Prior to Filing of Pleading)* | County #  Judicial  Court ID  District  (CH, CI, CO) | | 30 |
| | 0 2 2 6 1 5 | | Local Docket ID  /155 |
| Mississippi Supreme Court   Form AOC/01 | Month   Date   Year | | |
| Administrative Office of Courts   (Rev 2009) | This area to be completed by clerk | | Case Number if filed prior to 1/1/94 |

| In the CHANCERY | Court of JONES | County — FIRST | Judicial District |
|---|---|---|---|

**Origin of Suit (Place an "X" in one box only)**

☒ Initial Filing   ☐ Reinstated   ☐ Foreign Judgment Enrolled   ☐ Transfer from Other court   ☐ Other
☐ Remanded   ☐ Reopened   ☐ Joining Suit/Action   ☐ Appeal

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual _____

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

____ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or _____

Business Howard Industries, Inc.
_____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A _____

**Address of Plaintiff** _____

Attorney (Name & Address)   Richard L. Yoder, P.O. Box 106, Laurel, MS 39441-0106      MS Bar No. 6640

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing: _____

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual Ridgeway         Terry

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of _____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency _____

Business _____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A _____

Attorney (Name & Address) - If Known _____   MS Bar No. _____

| **Damages Sought:** Compensatory $ _____ Punitive $ _____ | Check ( x ) if child support is contemplated as an issue in this suit.* |
|---|---|

*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

| Domestic Relations | Business/Commercial | Children/Minors - Non-Domestic | Real Property |
|---|---|---|---|
| ☐ Child Custody/Visitation | ☐ Accounting (Business) | ☐ Adoption - Contested | ☐ Adverse Possession |
| ☐ Child Support | ☐ Business Dissolution | ☐ Adoption - Uncontested | ☐ Ejectment |
| ☐ Contempt | ☐ Debt Collection | ☐ Consent to Abortion Minor | ☐ Eminent Domain |
| ☐ Divorce:Fault | ☐ Employment | ☐ Removal of Minority | ☐ Eviction |
| ☐ Divorce: Irreconcilable Diff. | ☐ Foreign Judgment | ☐ Other _____ | ☐ Judicial Foreclosure |
| ☐ Domestic Abuse | ☐ Garnishment | **Civil Rights** | ☐ Lien Assertion |
| ☐ Emancipation | ☐ Replevin | ☐ Elections | ☐ Partition |
| ☐ Modification | ☐ Other _____ | ☐ Expungement | ☐ Tax Sale: Confirm/Cancel |
| ☐ Paternity | **Probate** | ☐ Habeas Corpus | ☐ Title Boundary or Easement |
| ☐ Property Division | ☐ Accounting (Probate) | ☐ Post Conviction Relief/Prisoner | ☐ Other _____ |
| ☐ Separate Maintenance | ☐ Birth Certificate Correction | ☐ Other _____ | **Torts** |
| ☐ Termination of Parental Rights | ☐ Commitment | **Contract** | ☐ Bad Faith |
| ☐ UIFSA (eff 7/1/97; formerly URESA) | ☐ Conservatorship | ☒ Breach of Contract | ☐ Fraud |
| ☐ Other _____ | ☐ Guardianship | ☐ Installment Contract | ☐ Loss of Consortium |
| **Appeals** | ☐ Heirship | ☐ Insurance | ☐ Malpractice - Legal |
| ☐ Administrative Agency | ☐ Intestate Estate | ☐ Specific Performance | ☐ Malpractice - Medical |
| ☐ County Court | ☐ Minor's Settlement | ☐ Other _____ | ☐ Mass Tort |
| ☐ Hardship Petition (Driver License) | ☐ Muniment of Title | **Statutes/Rules** | ☐ Negligence - General |
| ☐ Justice Court | ☐ Name Change | ☐ Bond Validation | ☐ Negligence - Motor Vehicle |
| ☐ MS Dept Employment Security | ☐ Testate Estate | ☐ Civil Forfeiture | ☐ Product Liability |
| ☐ Worker's Compensation | ☐ Will Contest | ☐ Declaratory Judgment | ☐ Subrogation |
| ☐ Other _____ | ☐ Other _____ | ☐ Injunction or Restraining Order | ☐ Wrongful Death |
| | | ☐ Other _____ | ☐ Other _____ |

**IN THE** <u>CHANCERY</u>_____**COURT OF** <u>JONES</u>_____**COUNTY, MISSISSIPPI**

<u>FIRST</u>_____ **JUDICIAL DISTRICT, CITY OF** _____

Docket No._____-_____ _____     Docket No. If Filed
        File Yr      Chronological No.     Clerk's Local ID     Prior to 1/1/94_____

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

Individual: _____ _____ (_____) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #3:**

Individual: _____ _____ (_____) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff #4:**

Individual: _____ _____ (_____) _____ _____
           Last Name         First Name      Maiden Name, if Applicable    Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:
    D/B/A _____

**Business** _____
         Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated
___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:
    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF**: _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE CHANCERY     COURT OF JONES             COUNTY, MISSISSIPPI

FIRST             JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____   _____   Docket No. If Filed
          File Yr       Chronological No.     Clerk's Local ID    Prior to 1/1/94_____

**PLAINTIFFS IN REFERENCED CAUSE - Page___ of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff # ___ :**

**Individual:** _____   _____   ( _____ )   _____   _____
              Last Name       First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff # ___ :**

**Individual:** _____   _____   ( _____ )   _____   _____
              Last Name       First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Plaintiff # ___ :**

**Individual:** _____   _____   ( _____ )   _____   _____
              Last Name       First Name    Maiden Name, if Applicable   Middle Init.   Jr/Sr/II/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
           Enter legal name of business, corporation, partnership, agency - if Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS PLAINTIFF:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

IN THE <u>CHANCERY</u> COURT OF <u>JONES</u> COUNTY, MISSISSIPPI

<u>FIRST</u> JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____  _____  Docket No. If Filed
      File Yr      Chronological No.      Clerk's Local ID     Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: <u>Ezell</u>    <u>Beth</u>    ( _____ ) _____  _____
     Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #3:**

**Individual:** _____  _____  ( _____ ) _____  _____
     Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** <u>Inline Electric Supply Company, Inc.</u>
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

**Defendant #4:**

**Individual:** _____  _____  ( _____ ) _____  _____
     Last Name      First Name     Maiden Name, if Applicable   Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

    Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

    D/B/A _____

**Business** _____
     Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

    D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

IN THE CHANCERY____ COURT OF JONES_____ COUNTY, MISSISSIPPI

FIRST_____ JUDICIAL DISTRICT, CITY OF

Docket No._____ - _____  _____  Docket No. If Filed
                   File Yr      Chronological No.      Clerk's Local ID      Prior to 1/1/94_____

**DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages
IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # ___ :**

**Individual:** _____  _____  (_____)  _____  _____
                   Last Name            First Name           Maiden Name, If Applicable      Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____  _____  (_____)  _____  _____
                   Last Name            First Name           Maiden Name, If Applicable      Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

**Defendant # ___ :**

**Individual:** _____  _____  (_____)  _____  _____
                   Last Name            First Name           Maiden Name, If Applicable      Middle Init.   Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _____

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _____

**Business** _____
            Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A _____

**ATTORNEY FOR THIS DEFENDANT:** _____ Bar # or Name: _____ Pro Hac Vice (✓)___ Not an Attorney(✓)___

### CHILD SUPPORT INFORMATION SHEET

#### Please include all information known

IN THE ___CHANCERY___ COURT OF ___JONES___ COUNTY, MISSISSIPPI

___FIRST___ JUDICIAL DISTRICT, CITY OF _____

Docket No._____ - _____  _____    Docket No. If Filed
      File Yr      Chronological No.      Clerk's Local ID      Prior to 1/1/94_____

**Father:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____   _____
                                       Phone #      Drivers License #

Employer Name and Address: _____  (___) ____
                                                Employer Phone #

**Mother:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____   _____
                                         Phone #      Drivers License #

Employer Name and Address: _____  (___) ____
                                                Employer Phone #

**Child:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____
                                         Phone #

**Child:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____
                                         Phone #

**Child:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____
                                         Phone #

**Child:** _____  _____  _____  _____   _____   _____
      Last      First      M/I    Jr/Sr etc.   Date of Birth   Social Security #

Address: _____  (___) _____
                                         Phone #

*FOR ADDITIONAL CHILDREN, PLEASE ATTACH ADDITIONAL FORMS*

MANDATED PURSUANT TO:
**Federal Social Security Act Title IV-D,**
**§§ 454(26)(A) and 454A(e)(4);**
**Miss. Code Ann. §43-19-31(l)(iii) (Supp. 1999)**

                    **Information will be sent to the**
          **ADMINISTRATIVE OFFICE OF COURTS AND**
  **MDHS CHILD SUPPORT ENFORCEMENT DIVISION**

**IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI**

HOWARD INDUSTRIES, INC.                             **PLAINTIFF**

VS.                      CASE ACTION NO.: 2015-00446

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.          **DEFENDANTS**

## COMPLAINT

    Comes now, Howard Industries, Inc., Plaintiff, and files this its Complaint against Terry Ridgeway, Beth Ezell and Inline Electric Supply Company, Inc., and in support thereof would show unto this Honorable Court the following, to wit:

    1.    The Plaintiff, Howard Industries, Inc. (hereinafter "Howard") is a Mississippi corporation having its principal office in and doing business in the First Judicial District of Jones County, Mississippi.

    2.    The Defendant, Terry Ridgeway (hereinafter "Ridgeway") is an adult resident citizen of the State of Alabama residing at 15679 Alabama Highway 251, Athens, Alabama 35613 where her may be served with process.

    3.    The Defendant, Beth Ezell (hereinafter "Ezell") is an adult resident citizen of the State of Alabama residing at 21725 David Dr., Elkmont, Alabama 35620 where she may be served with process.

    4.    The Defendant, Inline Electric Supply Company, Inc. (hereinafter "Inline") is an Alabama corporation which may be served with process by service upon its registered agent, G. B. Summerville at 2880 Bob Wallace Ave., Huntsville, AL 35805.

    5.    Howard operates a division which does business under the name of A to Z Muni-Dot (hereinafter "A to Z").

    6.    Ridgeway was employed by Howard to work in its division, A to Z on September 29, 2009 as VP of the DOT division of A to Z.

    7.    Ezell was employed by Howard to work in its division, A to Z on September 29, 2009 as Office Manager.

    8.    Ridgeway's employment with Howard ended October 17, 2014.

    9.    Ezell's employment with Howard ended June 20, 2014.



FILED

FEB 26 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

10.    At all times complained of herein, A to Z was and is focused on the municipal and departments of transportation markets for the sale of roadway lighting, park lighting, poles, lowering devices, cameras, switches, fiber and related products and materials.

11.    Ridgeway, in his position with A to Z, was involved in the preparation and submission of bids and responding to quotes for bids.  Ridgeway additionally approved submissions of bids, executed related contracts, reviewed and approved purchase orders and reviewed the performance of contracts involving A to Z.

12.    Ezell, in her position with A to Z, was involved in reviewing all invoicing and billing with customers and vendors, coordinated communications on equipment and material being purchased and sold, organized weekly reports pertaining to sales, reviewed aging of accounts receivable, contacted certain customers regarding payment of their account, and responsible for certain operational issues.

13.    There are a limited number of vendors for the business of A to Z and Ridgeway, on behalf of A to Z, maintained close contact with said vendors.

14.    Prior to Ridgeway and Ezell becoming employees of Inline, Inline was not a competitor of Howard's A to Z division.

15.    Ridgeway executed to Howard a Confidentiality, Non-Disclosure and Non-Competition Agreement (hereinafter "Ridgeway Agreement"), a copy of which is attached hereto as Exhibit A.

16.    Ezell executed to Howard a Confidentiality, Non-Disclosure and Non-Competition Agreement (hereinafter "Ezell Agreement"), a copy of which is attached hereto as Exhibit B.

## COUNT ONE
## VIOLATION OF MISSISSIPPI UNIFORM TRADE SECRETS ACT

17.    Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 16.

18.    Howard's division A to Z developed trade secrets including formulas, patterns, compilations, programs, devices, methods, techniques or processes that derive an independent economic value from not being generally known to and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use and which trade secrets are the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

19.    Ridgeway and Ezell were at all times while employed by Howard's division A to Z, knowledgeable of and had access to said trade secrets.

20.    Pursuant to the terms of the Ridgeway Agreement and the Ezell Agreement, Ridgeway and Ezell, respectively, agreed to all of the following:

"(a) During the term of employment by Company and after termination thereof for any reason, Employee will not, except as is expressly authorized or directed by Company, use, copy, duplicate, transfer, remove from the Company's premises, transmit or disclose, or permit any authorized person access to any trade secrets."

21.    Ridgeway and Ezell breached the terms of the Ridgeway Agreement and Ezell Agreement, respectively, and misappropriated the trade secrets and Plaintiff, Howard has been damaged accordingly.

## COUNT TWO
## VIOLATION OF CONFIDENTILITY, NON-DISCLOSURE AND NON-COMPETITION AGREEMENT

22.    Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 16.

23.    Pursuant to the terms of the Ridgeway Agreement and the Ezell Agreement, Ridgeway and Ezell, respectively, agreed to all of the following:

"3. (d) Employee covenants and agrees that during Employee's employment with the Company and during the period of two (2) years following the termination of Employee's employment with the Company for any reason that:  (1) Employee shall not call upon, contact or solicit, directly or indirectly, any customer, including any actively-sought prospective customer, of the Company (i) with whom Employee had contact while employed by Company or any of its Affiliates, (ii) whose contacts with the Company were supervised by Employee or (iii) about whom Employee acquired Trade Secrets or Confidential Information during Employee's last twelve (12) months of employment with the Company, for the purpose of providing products or services that are competitive with those offered by the Company, and (2) Employee will not, either as an employee, employer, consultant, agent, principal, partner, shareholder, corporate officer, director or in any other individual or representative capacity, engage or participate in the sale and distribution of lighting materials, equipment, fixtures, bulbs, lamps or supplies  within a radius of 100 miles of any of the Company's locations in the United States which are operating at the time of the Employee's termination of employment. Employee represents to the Company that the enforcement of the restriction contained in this paragraph would not be unduly burdensome to the Employee and that the Employee is willing and able to compete in other geographic areas not prohibited by this paragraph."; and

"4. <u>Non-Solicitation; No Hiring of Employees.</u>  For a period of one (1) year after Employee's termination of employment with the Company for any reason, Employee agrees that he will not solicit or divert or attempt to divert, directly or indirectly, or otherwise, any business of the Company to any competitor.  During such time Employee also agrees that he will not solicit the employment of or hire any employee or consultant employed or retained by the Company or any prior employee or consultant whose employment or retention by the Company has ceased within six (6) months prior to the date of such solicitation of hire."

24.    Since Ridgeway and Ezell became employees of Inline, Inline has become a competitor of Howard's A to Z division.

25.    The Defendant, Ridgeway, solicited the employment of the Defendant, Ezell, within the time prohibited by Paragraph 4 of the Ridgeway Agreement.

26.    Ridgeway and Ezell have breached the Ridgeway Agreement and the Ezell Agreement, respectively, in the course of their employment with Inline.

27.    The Defendants', Ridgeway's and Ezell's actions in violation of the Ridgeway Agreement and the Ezell Agreement, respectively, have injured and will continue to injure Plaintiff, Howard, and, as a result, Howard has suffered damages.

## COUNT THREE
## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS

28.    Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 16 and Paragraph 22 through 27.

29.    Ridgeway and Ezell, upon becoming employed by Inline, have intentionally and willfully interfered with A to Z's business relationships with its customers and vendors.

30.    All of Ridgeway's and Ezell's acts were calculated to cause damage to Howard in its lawful business.

31.    All of Ridgeway's and Ezell's actions in contacting the customers and vendors of Howard's A to Z division and in assisting Inline with the development of business directly in competition with A to Z was done with the unlawful purpose of causing damage and loss without right or justification on the part of Ridgeway and all of which constitutes malice and Plaintiff, Howard, has been damaged accordingly.

## COUNT FOUR
## CIVIL CONSPIRACY

32.     Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 16 and Paragraphs 22 through 31.

33.     Inline conspired with Ridgeway and Ezell to intentionally, willfully and knowingly interfere in Howard's contractual relations and business relations with its A to Z customers and vendors in an effort to cause Howard damage in its lawful business without any right or justifiable cause on the part of Inline all of which constitute malice.

34.     Inline conspired with Ridgeway and Ezell to violate the provisions of the Ridgeway Agreement and the Ezell Agreement respectively.

35.     The Defendant's concerted acts constitute civil conspiracy and Plaintiff has been damaged accordingly.

## COUNT FIVE
## INLINE'S INTERFERENCE WITH AGREEMENT

36.     Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 16 and Paragraphs 22 through 35.

37.     At the time of Inline's employment of Ridgeway and/or shortly thereafter, Inline was made fully aware of the Ridgeway Agreement.

38.     At the time of Inline's employment of Ezell and/or shortly thereafter, Inline had reasonable information available to it or actual knowledge to know or believe, or be aware of the Ezell Agreement.

39.     With full knowledge of the Ridgeway Agreement and the Ezell Agreement, Inline intentionally, willfully and maliciously encouraged and directed and required Ridgeway and Ezell to violate and breach the terms of the Ridgeway Agreement and the Ezell Agreement, respectively, for the benefit of Inline.

40.     The acts of Inline were calculated so as to cause damage to Howard and its lawful business and was done with the unlawful purpose of causing said damages and losses without any right of justifiable cause on the part of Inline and Plaintiff, Howard, has been damaged accordingly.

## COUNT SIX
## INJUNCTIVE RELIEF

41.     Howard adopts, incorporates and re-alleges those matters contained in Paragraphs 1 through 40.

42.     The Ridgeway Agreement and the Ezell Agreement each provides for injunctive relief as follows:

> "9. Remedies:  Injunctive Relief.  Employee agrees that it would be difficult to measure the damage to the Company from any breach by Employee of the covenants set forth in Paragraphs 3 and 4 above, that injury to the Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach.  Accordingly, if Employee breaches any term of Paragraphs 3 or 4 of this Agreement, the Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to the Company.  Employee agrees that the terms of this Paragraph 9 shall survive termination of Employee's employment."

WHEREFORE, premises considered, Plaintiff, Howard, requests the following:

a.  A preliminary and/or permanent injunction against the Defendant, Ridgeway preliminarily and/or permanently enjoining him from violating the provisions of 3(a), 3(d) and Paragraph 4 of the Ridgeway Agreement.

b.  A preliminary and/or permanent injunction against the Defendant, Ezell preliminarily and/or permanently enjoining her from violating the provisions of 3(a), 3(d) and Paragraph 4 of the Ezell Agreement.

c.  A judgment against the Defendant, Ridgeway, awarding Howard actual damages in or in excess of an amount of $1,000,000.00 for the matters pertaining to Ridgeway as described in Counts One, Two and Three hereof.

d.  A judgment against the Defendant, Ezell, awarding Howard actual damages in or in excess of an amount of $1,000,000.00 for the matters pertaining to Ezell as described in Counts One, Two and Three hereof.

e. A judgment against the Defendants, Ridgeway, Ezell and Inline, jointly and severally awarding Howard actual damages in or in excess of an amount $1,000,000.00 for the matters described in Count Four hereof.

f. A judgment against the Defendant, Inline, awarding Howard actual damages in or in excess of an amount of $1,000,000.00 for the matters described in Count Five hereof.

g. A judgment against the Defendants awarding Howard punitive damages in or in excess of an amount of $5,000,000.00.

And for such other relief as the Court may deem proper.

Respectfully submitted this _26th_ day of February, 2015.

HOWARD INDUSTRIES, INC.

By: _____

Richard L. Yoder
Attorney for Howard Industries, Inc.

Richard L. Yoder, MSB #6640
Richard Lewis Yoder, Jr., MSB #100312
Gilchrist Sumrall Yoder & Boone, PLLC
P.O. Box 106
Laurel, MS 39441-0106
601-649-3351
Attorneys for Howard Industries, Inc.

## CONFIDENTIALITY, NON-DISCLOSURE AND
## NON-COMPETITION AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into on the date set forth below, by and between Howard Industries, Inc., a Mississippi corporation ("Company"), and Terry Ridgeway, the undersigned employee ("Employee").

Employee has been offered a position as an at will employee with the Company and will be employed by the Company as an at will employee and as a condition of such employment, and in consideration of the employment has agreed to be bound by the terms of this Agreement.

Further, in the course of Employee's employment by Company, Employee will have access to Company's most sensitive and most valuable trade secrets, proprietary information, and other confidential information, the use, application or disclosure of which may cause substantial and possible irreparable damage to the business and asset value of the Company. Accordingly, Employee accepts and agrees to be bound by the following provisions of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, of the employment of Employee by the Company as an at will employee, and for other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.    Definitions. For purposes of this Agreement, the following definitions shall apply:

(a)    "TRADE SECRET" as used herein includes, without limitation, the whole or any part or phase of any scientific or technical information, design, process, formula, compilation, process, procedure, improvement, invention, plan, technique of production or service, or method or system which is intended for use in a trade or business, and is not commonly known by or available to the public, and which information (i) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of reasonable efforts by the Company and its subsidiaries and affiliates to maintain its secrecy or confidentiality. "Trade Secrets" also include all other property, things, or information which would be considered trade secrets under the Mississippi Uniform Trade Secrets Act, or under any amendments thereto. "Trade Secrets" shall also include a list of actual or potential customers used by and known only to the Company and its employees to whom it has been confided in order to achieve its intended use.

(b)    "CONFIDENTIAL INFORMATION" shall mean any data or information, other than Trade Secrets, of Company or any third party customer or supplier of Company and is treated as confidential by Company or such third party customers or suppliers.

(c)    "EMPLOYEE WORKS" shall mean any and all works of authorship, inventions, discoveries, improvements and work product, whether or not patentable, and in whatever form, which are useful to the Company, which are created, made or developed by Employee either

1



EXHIBIT

A

alone or with others during the period of Employee's employment, together with all notes and records kept by the Employee in connection therewith or entrusted by the Company to Employee and all rights in and under all United States and foreign Letters Patent issued thereon.

(d)     The terms "TRADE SECRETS" and "CONFIDENTIAL INFORMATION" shall not include any materials or information of the types specified above to the extent that such materials or information (i) are or become publicly known or generally utilized by others engaged in the same business or activities in which Company utilized, developed or otherwise acquired such information; or (ii) are known to Employee prior to employment, having been lawfully received from parties other than Company; or (iii) are furnished to others by the Company with no restriction or disclosure. Failure to mark any of the Trade Secrets or Confidential Information as confidential shall not affect their status as Trade Secrets or Confidential Information under this Agreement.

2.     Company's Business. Employee recognizes and acknowledges that Company is engaged in activities which involve, and continue to involve, the use of skilled experts and the expenditure of substantial amounts of time and money. As a result of such investments of skill, time and money, the Company has developed certain Trade Secrets and Confidential Information which give the Company significant advantages over its competitors. Due to the nature of Employee's employment by Company, Employee may be presented with, have access to, and/or participate in the development of both Trade Secrets and Confidential Information. These Trade Secrets and Confidential Information constitute valuable, special and unique assets of Company and any use or disclosure thereof contrary to the terms of this Agreement may cause substantial loss of competitive advantage and other serious injury to the Company.

3.     Employee Covenants and Payment by Company. For the reasons recited above and in consideration of the employment by Company, Employee covenants and agrees to all of the following:

(a)     During the term of employment by the Company and after termination thereof for any reason, Employee will not, except as expressly authorized or directed by Company, use, copy, duplicate, transfer, remove from the Company's premises, transmit or disclose, or permit any unauthorized person access to, any Trade Secrets.

(b)     During the term of employment by the Company and after termination thereof for any reason, Employee will not, except as expressly authorized or directed by Company use, copy, duplicate, transfer, remove from the Company's premises, transmit or disclose, or permit any unauthorized person access to, any Confidential Information.

(c)     Upon request of the Company and in any event upon the termination of employment with the Company for any reason, Employee shall deliver to the Company all memoranda, notes, records, tapes, documentation, disks, manuals, files or other documents in Employee's possession including, but not limited to, any data, information or documents constituting or containing Trade Secrets or Confidential Informaiton, or as the Company deems necessary or desirable without requiring the Company to provide any further consideration therefor. Employee assigns to the Company all right, title and interest in and to any and all

2

Employee Works, including all worldwide copyrights, trade secrets, patent rights, and all other property rights therein and agrees to execute any and all documents necessary to transfer said rights. Employee shall do all lawful things necessary to enable the Company or its nominee to have full ownership, knowledge and benefit of any such inventions, discoveries, improvements or work product including without limitation (a) full disclosure by the Employee to the Company of any such inventions, discoveries, improvements or work product and all data or information relating thereto, possession or knowledge of which by Employee arises out of Employee's employment by the Company; (b) full cooperation by the Employee with the Company with respect to the preparation of patent applications, assignments of patents or applications therefore, and signing of all proper documents and papers related to any such applications, assignments or any other papers or documents.

(d)     Employee covenants and agrees that during Employee's employment with the Company and during the period of two (2) years following the termination of Employee's employment with the Company for any reason that: (1) Employee shall not call upon, contact or solicit, directly or indirectly, any customer, including any actively-sought prospective customer, of the Company (i) with whom Employee had contact while employed by Company or any of its Affiliates, (ii) whose contacts with the Company were supervised by Employee or (iii) about whom Employee acquired Trade Secrets or Confidential Information during Employee's last twelve (12) months of employment with the Company, for the purpose of providing products or services that are competitive with those offered by the Company, and (2) Employee will not, either as an employee, employer, consultant, agent, principal, partner, shareholder, corporate officer, director or in any other individual or representative capacity, engage or participate in the sale and distribution of lighting materials, equipment, fixtures, bulbs, lamps or supplies within the United States. Employee represents to the Company that the enforcement of the restriction contained in this paragraph would not be unduly burdensome to the Employee and that the Employee is willing and able to compete in other product lines and geographic area not prohibited by this paragraph.

4.     <u>Non-solicitation; No Hiring of Employees</u>.  For a period of one (1) year after Employee's termination of employment with the Company for any reason, Employee agrees that he will not solicit or divert or attempt to divert, directly or indirectly, or otherwise, any business of the Company to any competitor. During such time Employee also agrees that he will not solicit the employment of or hire any employee or consultant employed or retained by the Company or any prior employee or consultant whose employment or retention by the Company has ceased within six (6) months prior to the date of such solicitation or hire.

5.     <u>No Prior Agreement</u>.  Employee represents to the Company that Employee is not bound by any other contract or agreement that precludes Employee from accepting employment with and remaining as an employee of the Company or performing any services the Company may request. Employee further warrants that in connection with his employment by the Company or its affiliates that Employee will not use and does not possess any confidential or proprietary information, trade secrets and/or other property of any kind which will violate or could result in a violation of any contract, agreement or legal right of any other party.

3

6.     Employee At Will.  Employee acknowledges and agrees that although Employee's employment with the Company is contingent upon acceptance and observance of the terms of this Agreement, that this Agreement shall not be construed to make Employee's employment other than terminable at will at any time by Company or Employee.

7.     Scope and Reasonableness.  The parties to this Agreement expressly agree that it is not their intention to violate any policy or statutory or common law.  The parties intend that the covenants contained in Paragraphs 3 and 4 shall be construed as a series of separate covenants by Employee, one for each county in each state in the geographic areas described in Paragraph 3(d).  The parties to this Agreement agree that the limitations contained in Paragraphs 3 and 4 with respect to time, geographical area, and scope of activity are reasonable.  However, if any court shall determine that the time, geographical area, or scope of activity of any restriction contained in Paragraphs 3 and 4 is unenforceable, it is the intention of the parties that such restrictive covenant set forth herein shall not thereby be terminated but shall be deemed amended to the extent required to render it valid and enforceable.

8.     Enforceability.  If any of the provisions of this Agreement shall be held unenforceable by the final determination of a court of competent jurisdiction and all appeals therefrom shall have failed or the time for such appeals therefrom shall have expired, such provision or provisions shall be deemed eliminated from this Agreement, but the remaining provisions shall nevertheless be given full effect.  In the event this Agreement or any portion hereof is more restrictive than permitted by applicable law, the parties hereto request that the court of competent jurisdiction fashion one or more substitute restrictions of permissible scope that are consistent with the intent of the parties as evidenced by this Agreement.

9.     Remedies: Injunctive Relief.  Employee agrees that it would be difficult to measure the damage to the Company from any breach by Employee of the covenants set forth in Paragraphs 3 and 4 above, that injury to the Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach.  Accordingly, if Employee breaches any term of Paragraphs 3 or 4 of this Agreement, the Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to the Company.  Employee agrees that the terms of this Paragraph 9 shall survive termination of Employee's employment.

10.    Governing Law and Venue.  This Agreement shall be governed by, interpreted and construed in accordance with the laws of the State of Mississippi without applying the conflict of laws rules of such State and is deemed to have been made and executed in Jones County, Mississippi.

11.    Litigation.  Employee agrees that any litigation involving this Agreement shall be brought in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto.  Employee specifically waives any right to trial by jury.

4

12.     Assignment.  This Agreement shall not be assignable by Employee.  The parties hereto acknowledge that the Company shall have the right to assign, with absolute discretion, any or all of its rights and obligations under this Agreement (including, without limitation, the successors and assigns of the Company), and this Agreement will inure to the benefit of, and be binding upon, such respective successors and assigns of the Company, in the same manner and to the same extent as if such affiliates, successors and assigns were original parties hereto.

13.     Counterparts.  This Agreement may be executed in one or more counterparts, each of which will constitute an original but all of which together constitute a single document.

14.     Entire Agreement.  This Agreement represents the entire understanding of the parties concerning the subject matter hereof and supersedes all prior communication and agreements, whether oral or written, between the parties relating thereto, provided that any prior confidentiality or non-disclosure obligation of Employee to the Company shall remain in full force and effect.

15.     Attorney Fees.  In the event that any action is filed in relation to this Agreement, the unsuccessful party to the action shall pay to the successful party, in addition to all the sums that either party may be called on to pay, a reasonable sum for the successful party's attorney's fees and reasonable expenses.

16.     Waiver.  The waiver by the Company of a breach of any of the provisions of this Agreement by the Employee shall not be construed as a waiver of any subsequent breach by Employee.

17.     Amendments.  No amendment, modification, or waiver of the provisions of this Agreement shall be effective unless in writing and signed by both parties.

18.     Use of Term.  In this Agreement the term "Company" shall be deemed to include Howard Industries, Inc. and any other company or entity under common control with the Company and all such entities shall be entitled to the benefits of this Agreement and shall be entitled to enforce this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement this the 29th day of September, 2009.

HOWARD INDUSTRIES, INC.

By: _Bill Howard_

Title: Chairman of the Board

EMPLOYEE:

Signature: _Terry Ridgeway_

Terry Ridgeway
(Employee Name) – Please Type or Print

## CONFIDENTIALITY, NON-DISCLOSURE AND
## NON-COMPETITION AGREEMENT

THIS AGREEMENT ("Agreement") is made and entered into on the date set forth below, by and between Howard Industries, Inc., a Mississippi corporation ("Company"), and Mary Elizabeth Ezell , the undersigned employee ("Employee").

Employee has been offered a position as an at will employee with the Company and will be employed by the Company as an at will employee and as a condition of such employment, and in consideration of the employment has agreed to be bound by the terms of this Agreement.

Further, in the course of Employee's employment by Company, Employee will have access to Company's most sensitive and most valuable trade secrets, proprietary information, and other confidential information, the use, application or disclosure of which may cause substantial and possible irreparable damage to the business and asset value of the Company. Accordingly, Employee accepts and agrees to be bound by the following provisions of this Agreement.

NOW, THEREFORE, in consideration of the mutual promises and covenants contained herein, of the employment of Employee by the Company as an at will employee, and for other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged, the parties hereto, intending to be legally bound, agree as follows:

1.    <u>Definitions</u>.  For purposes of this Agreement, the following definitions shall apply:

(a)    "TRADE SECRET" as used herein includes, without limitation, the whole or any part or phase of any scientific or technical information, design, process, formula, compilation, process, procedure, improvement, invention, plan, technique of production or service, or method or system which is intended for use in a trade or business, and is not commonly known by or available to the public, and which information (i) derives economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and (ii) is the subject of reasonable efforts by the Company and its subsidiaries and affiliates to maintain its secrecy or confidentiality. "Trade Secrets" also include all other property, things, or information which would be considered trade secrets under the Mississippi Uniform Trade Secrets Act, or under any amendments thereto. "Trade Secrets" shall also include a list of actual or potential customers used by and known only to the Company and its employees to whom it has been confided in order to achieve its intended use.

(b)    "CONFIDENTIAL INFORMATION" shall mean any data or information, other than Trade Secrets, of Company or any third party customer or supplier of Company and is treated as confidential by Company or such third party customers or suppliers.

(c)    "EMPLOYEE WORKS" shall mean any and all works of authorship, inventions, discoveries, improvements and work product, whether or not patentable, and in whatever form, which are useful to the Company, which are created, made or developed by Employee either

1



alone or with others during the period of Employee's employment, together with all notes and records kept by the Employee in connection therewith or entrusted by the Company to Employee and all rights in and under all United States and foreign Letters Patent issued thereon.

(d)     The terms "TRADE SECRETS" and "CONFIDENTIAL INFORMATION" shall not include any materials or information of the types specified above to the extent that such materials or information (i) are or become publicly known or generally utilized by others engaged in the same business or activities in which Company utilized, developed or otherwise acquired such information; or (ii) are known to Employee prior to employment, having been lawfully received from parties other than Company; or (iii) are furnished to others by the Company with no restriction or disclosure. Failure to mark any of the Trade Secrets or Confidential Information as confidential shall not affect their status as Trade Secrets or Confidential Information under this Agreement.

2.     <u>Company's Business</u>. Employee recognizes and acknowledges that Company is engaged in activities which involve, and continue to involve, the use of skilled experts and the expenditure of substantial amounts of time and money. As a result of such investments of skill, time and money, the Company has developed certain Trade Secrets and Confidential Information which give the Company significant advantages over its competitors. Due to the nature of Employee's employment by Company, Employee may be presented with, have access to, and/or participate in the development of both Trade Secrets and Confidential Information. These Trade Secrets and Confidential Information constitute valuable, special and unique assets of Company and any use or disclosure thereof contrary to the terms of this Agreement may cause substantial loss of competitive advantage and other serious injury to the Company.

3.     <u>Employee Covenants and Payment by Company</u>. For the reasons recited above and in consideration of the employment by Company, Employee covenants and agrees to all of the following:

(a)     During the term of employment by the Company and after termination thereof for any reason, Employee will not, except as expressly authorized or directed by Company, use, copy, duplicate, transfer, remove from the Company's premises, transmit or disclose, or permit any unauthorized person access to, any Trade Secrets.

(b)     During the term of employment by the Company and after termination thereof for any reason, Employee will not, except as expressly authorized or directed by Company use, copy, duplicate, transfer, remove from the Company's premises, transmit or disclose, or permit any unauthorized person access to, any Confidential Information.

(c)     Upon request of the Company and in any event upon the termination of employment with the Company for any reason, Employee shall deliver to the Company all memoranda, notes, records, tapes, documentation, disks, manuals, files or other documents in Employee's possession including, but not limited to, any data, information or documents constituting or containing Trade Secrets or Confidential Informaiton, or as the Company deems necessary or desirable without requiring the Company to provide any further consideration therefor. Employee assigns to the Company all right, title and interest in and to any and all

2

Employee Works, including all worldwide copyrights, trade secrets, patent rights, and all other property rights therein and agrees to execute any and all documents necessary to transfer said rights. Employee shall do all lawful things necessary to enable the Company or its nominee to have full ownership, knowledge and benefit of any such inventions, discoveries, improvements or work product including without limitation (a) full disclosure by the Employee to the Company of any such inventions, discoveries, improvements or work product and all data or information relating thereto, possession or knowledge of which by Employee arises out of Employee's employment by the Company; (b) full cooperation by the Employee with the Company with respect to the preparation of patent applications, assignments of patents or applications therefore, and signing of all proper documents and papers related to any such applications, assignments or any other papers or documents.

(d)     Employee covenants and agrees that during Employee's employment with the Company and during the period of two (2) years following the termination of Employee's employment with the Company for any reason that: (1) Employee shall not call upon, contact or solicit, directly or indirectly, any customer, including any actively-sought prospective customer, of the Company (i) with whom Employee had contact while employed by Company or any of its Affiliates, (ii) whose contacts with the Company were supervised by Employee or (iii) about whom Employee acquired Trade Secrets or Confidential Information during Employee's last twelve (12) months of employment with the Company, for the purpose of providing products or services that are competitive with those offered by the Company, and (2) Employee will not, either as an employee, employer, consultant, agent, principal, partner, shareholder, corporate officer, director or in any other individual or representative capacity, engage or participate in the sale and distribution of lighting materials, equipment, fixtures, bulbs, lamps or supplies within the United States. Employee represents to the Company that the enforcement of the restriction contained in this paragraph would not be unduly burdensome to the Employee and that the Employee is willing and able to compete in other product lines and geographic area not prohibited by this paragraph.

4.     <u>Non-solicitation; No Hiring of Employees</u>.  For a period of one (1) year after Employee's termination of employment with the Company for any reason, Employee agrees that he will not solicit or divert or attempt to divert, directly or indirectly, or otherwise, any business of the Company to any competitor.  During such time Employee also agrees that he will not solicit the employment of or hire any employee or consultant employed or retained by the Company or any prior employee or consultant whose employment or retention by the Company has ceased within six (6) months prior to the date of such solicitation of hire.

5.     <u>No Prior Agreement</u>.  Employee represents to the Company that Employee is not bound by any other contract or agreement that precludes Employee from accepting employment with and remaining as an employee of the Company or performing any services the Company may request.  Employee further warrants that in connection with his employment by the Company or its affiliates that Employee will not use and does not possess any confidential or proprietary information, trade secrets and/or other property of any kind which will violate or could result in a violation of any contract, agreement or legal right of any other party.

3

6.     Employee At Will. Employee acknowledges and agrees that although Employee's employment with the Company is contingent upon acceptance and observance of the terms of this Agreement, that this Agreement shall not be construed to make Employee's employment other than terminable at will at any time by Company or Employee.

7.     Scope and Reasonableness. The parties to this Agreement expressly agree that it is not their intention to violate any policy or statutory or common law. The parties intend that the covenants contained in Paragraphs 3 and 4 shall be construed as a series of separate covenants by Employee, one for each county in each state in the geographic areas described in Paragraph 3(d). The parties to this Agreement agree that the limitations contained in Paragraphs 3 and 4 with respect to time, geographical area, and scope of activity are reasonable. However, if any court shall determine that the time, geographical area, or scope of activity of any restriction contained in Paragraphs 3 and 4 is unenforceable, it is the intention of the parties that such restrictive covenant set forth herein shall not thereby be terminated but shall be deemed amended to the extent required to render it valid and enforceable.

8.     Enforceability. If any of the provisions of this Agreement shall be held unenforceable by the final determination of a court of competent jurisdiction and all appeals therefrom shall have failed or the time for such appeals therefrom shall have expired, such provision or provisions shall be deemed eliminated from this Agreement, but the remaining provisions shall nevertheless be given full effect. In the event this Agreement or any portion hereof is more restrictive than permitted by applicable law, the parties hereto request that the court of competent jurisdiction fashion one or more substitute restrictions of permissible scope that are consistent with the intent of the parties as evidenced by this Agreement.

9.     Remedies; Injunctive Relief. Employee agrees that it would be difficult to measure the damage to the Company from any breach by Employee of the covenants set forth in Paragraphs 3 and 4 above, that injury to the Company from any such breach would be impossible to calculate, and that money damages would therefore be an inadequate remedy for any such breach. Accordingly, if Employee breaches any term of Paragraphs 3 or 4 of this Agreement, the Company shall be entitled, in addition to and without limitation of all other remedies it may have, to obtain injunctive or other relief to restrain any such breach without showing or proving any actual damage to the Company. Employee agrees that the terms of this Paragraph 9 shall survive termination of Employee's employment.

10.     Governing Law and Venue. This Agreement shall be governed by, interpreted and construed in accordance with the laws of the State of Mississippi without applying the conflict of laws rules of such State and is deemed to have been made and executed in Jones County, Mississippi.

11.     Litigation. Employee agrees that any litigation involving this Agreement shall be brought in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto. Employee specifically waives any right to trial by jury.

4

12.     <u>Assignment</u>.  This Agreement shall not be assignable by Employee.  The parties hereto acknowledge that the Company shall have the right to assign, with absolute discretion, any or all of its rights and obligations under this Agreement (including, without limitation, the successors and assigns of the Company), and this Agreement will inure to the benefit of, and be binding upon, such respective successors and assigns of the Company, in the same manner and to the same extent as if such affiliates, successors and assigns were original parties hereto.

13.     <u>Counterparts</u>.  This Agreement may be executed in one or more counterparts, each of which will constitute an original but all of which together constitute a single document.

14.     <u>Entire Agreement</u>.  This Agreement represents the entire understanding of the parties concerning the subject matter hereof and supersedes all prior communication and agreements, whether oral or written, between the parties relating thereto, provided that any prior confidentiality or non-disclosure obligation of Employee to the Company shall remain in full force and effect.

15.     <u>Attorney Fees</u>.  In the event that any action is filed in relation to this Agreement, the unsuccessful party to the action shall pay to the successful party, in addition to all the sums that either party may be called on to pay, a reasonable sum for the successful party's attorney's fees and reasonable expenses.

16.     <u>Waiver</u>.  The waiver by the Company of a breach of any of the provisions of this Agreement by the Employee shall not be construed as a waiver of any subsequent breach by Employee.

17.     <u>Amendments</u>.  No amendment, modification, or waiver of the provisions of this Agreement shall be effective unless in writing and signed by both parties.

18.     <u>Use of Term</u>.  In this Agreement the term "Company" shall be deemed to include Howard Industries, Inc. and any other company or entity under common control with the Company and all such entities shall be entitled to the benefits of this Agreement and shall be entitled to enforce this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement this the 29th day of September, 2009.

HOWARD INDUSTRIES, INC.                    EMPLOYEE:

By: _____                 Signature: _Mary Elizabeth Ezell_

Title: Chairman of the Board                Mary Elizabeth Ezell
                                            (Employee Name) – Please Type or Print

5

IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.                                          PLAINTIFF

VS.                                          CASE ACTION NO.: 2015-00448

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.                  DEFENDANTS

## NOTICE OF SERVICE

Please take notice that the undersigned attorney for Howard Industries, Inc. has provided to the Defendant, Beth

Ezell at the time of service of process with the Complaint in the above styled and numbered cause of action, a copy of

the following:

1. First Interrogatories Propounded by Plaintiff to Defendant, Beth Ezell;

2. Requests for Production of Documents Propounded by Plaintiff to Defendant, Beth Ezell; and

3. Requests for Admissions to Defendant, Beth Ezell.

The originals of the discovery papers are being maintained in the undersigned attorney's files.

Respectfully submitted this the 26th day of February, 2015.

HOWARD INDUSTRIES, INC.

By: _____
Richard L. Yoder
Attorney for Howard Industries, Inc.

_____
Richard L. Yoder, MSB #6640
Richard Lewis Yoder, Jr., MSB #100312
Gilchrist Sumrall Yoder & Boone, PLLC
P.O. Box 106
Laurel, MS 39441-0106
601-649-3351
Attorneys for Howard Industries, Inc.

**FILED**

FEB 26 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

## CERTIFICATE OF SERVICE

I, Richard L. Yoder, do hereby certify that I have this day served a true and correct copy of the above and foregoing Notice of Service by providing a copy of the same to the Defendant, Beth Ezell at the time of service of process of the Complaint in the above styled cause of action.

_____
Richard L. Yoder

IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.                                                   PLAINTIFF

VS.                                          CASE ACTION NO.: 2015-00443

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.                        DEFENDANTS

### NOTICE OF SERVICE

Please take notice that the undersigned attorney for Howard Industries, Inc. has provided to the Defendant,

Inline Electric Supply Company, Inc. at the time of service of process with the Complaint in the above styled and

numbered cause of action, a copy of the following:

1.  First Interrogatories Propounded by Plaintiff to Defendant, Inline Electric Supply Company, Inc.;

2.  Requests for Production of Documents Propounded by Plaintiff to Defendant, Inline Electric Supply

    Company, Inc.; and

3.  Requests for Admissions to Defendant, Inline Electric Supply Company, Inc.

The originals of the discovery papers are being maintained in the undersigned attorney's files.

Respectfully submitted this the 26th day of February, 2015.

HOWARD INDUSTRIES, INC.

By: _____
Richard L. Yoder
Attorney for Howard Industries, Inc.

_____
Richard L. Yoder, MSB #6640
Richard Lewis Yoder, Jr., MSB #100312
Gilchrist Sumrall Yoder & Boone, PLLC
P.O. Box 106
Laurel, MS 39441-0106
601-649-3351
Attorneys for Howard Industries, Inc.

FILED

FEB 2 6 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

### CERTIFICATE OF SERVICE

I, Richard L. Yoder, do hereby certify that I have this day served a true and correct copy of the above and
foregoing Notice of Service by providing a copy of the same to the Defendant, Inline Electric Supply Company, Inc.
at the time of service of process of the Complaint in the above styled cause of action.

_____
Richard L. Yoder

**IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI**

HOWARD INDUSTRIES, INC.                                    PLAINTIFF

VS.                                      CASE ACTION NO.: 2015-0044E

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.                      DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:     G. B. Summerville, Registered Agent
        Inline Electric Supply Company, Inc.
        2880 Bob Wallace Ave.
        Huntsville, Alabama 35805

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint , the First
Interrogatories Propounded by the Plaintiff to Inline Electric Supply Company, Inc., Requests for Production
of Documents Propounded by the Plaintiff to Inline Electric Supply Company, Inc. and Requests for
Admissions to Defendant, Inline Electric Supply Company, Inc. to Richard L. Yoder, the attorney for
Plaintiff, whose post office address is Post Office Box 106, Laurel, Mississippi 39441-0106, and whose street
address is 415 North Magnolia Street, Suite 400, Trustmark National Bank Building, Laurel, Mississippi
39440.  Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of
delivery of this Summons and Complaint or a judgment by default will be entered against you for the money
or other things demanded in the Complaint.  Your response to the First Interrogatories Propounded by the
Plaintiff to Inline Electric Supply Company, Inc., Requests for Production of Documents Propounded by the
Plaintiff to Inline Electric Supply Company, Inc. and Requests for Admissions to Defendant, Inline Electric
Supply Company, Inc. must be mailed or delivered within forty–five (45) days from the date of delivery of
said documents and this Summons.

You must also file the original of your response with the Clerk of this Court within a reasonable time
afterward.

Issued under my hand and the seal of said Court, this 26 day of February, 2015.

                                    Consetta Brooks
                                    Jones County Chancery Clerk

                                    By: _____
                                    Deputy Clerk



FILE COPY

**IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
JONES COUNTY, MISSISSIPPI**

HOWARD INDUSTRIES, INC.                                                    PLAINTIFF

VS.                                                     CASE ACTION NO.: 2015-00446

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.                          DEFENDANTS

<u>**SUMMONS**</u>

THE STATE OF MISSISSIPPI

TO:   Beth Ezell
      21725 David Dr.
      Elkmont, Alabama 35620

**NOTICE TO DEFENDANT(S)**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint, the
First Interrogatories Propounded by the Plaintiff to Beth Ezell, Requests for Production of
Documents Propounded by the Plaintiff to Beth Ezell and Requests for Admissions to Defendant,
Beth Ezell to Richard L. Yoder, the attorney for Plaintiff, whose post office address is Post Office
Box 106, Laurel, Mississippi 39441-0106, and whose street address is 415 North Magnolia Street,
Suite 400, Trustmark National Bank Building, Laurel, Mississippi 39440. Your response to the
Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this
Summons and Complaint or a judgment by default will be entered against you for the money or
other things demanded in the Complaint. Your response to the First Interrogatories Propounded by
the Plaintiff to Beth Ezell, Requests for Production of Documents Propounded by the Plaintiff to
Beth Ezell and Requests for Admissions to Defendant, Beth Ezell must be mailed or delivered
within forty–five (45) days from the date of delivery of said documents and this Summons.

        You must also file the original of your response with the Clerk of this Court within a
reasonable time afterward.

        Issued under my hand and the seal of said Court, this 26 day of February, 2015.

                                                    Consetta Brooks
                                                    Jones County Chancery Clerk

                                                    By: _____ DC
                                                         Deputy Clerk

**FILE COPY**

## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT, JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.                             PLAINTIFF

VS.                   CASE ACTION NO.: 2015-0044C

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.           DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Terry Ridgeway
        15679 Alabama Highway 251
        Athens, Alabama 35613

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

       You are required to mail or hand-deliver a copy of a written response to the Complaint, the First Interrogatories Propounded by the Plaintiff to Terry Ridgeway, Requests for Production of Documents Propounded by the Plaintiff to Terry Ridgeway and Requests for Admissions to Defendant, Terry Ridgeway to Richard L. Yoder, the attorney for Plaintiff, whose post office address is Post Office Box 106, Laurel, Mississippi 39441-0106, and whose street address is 415 North Magnolia Street, Suite 400, Trustmark National Bank Building, Laurel, Mississippi 39440. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the First Interrogatories Propounded by the Plaintiff to Terry Ridgeway, Requests for Production of Documents Propounded by the Plaintiff to Terry Ridgeway and Requests for Admissions to Defendant, Terry Ridgeway must be mailed or delivered forty–five (45) days from the date of delivery of said documents and this Summons.

       You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

       Issued under my hand and the seal of said Court, this 26 day of February, 2015.

                              Consetta Brooks
                              Jones County Chancery Clerk

                              By: _____
                              Deputy Clerk

FILE COPY

## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT, JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.                                    PLAINTIFF

VS.                                        CASE ACTION NO.: 2015-00448

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.                      DEFENDANTS

### NOTICE OF SERVICE

Please take notice that the undersigned attorney for Howard Industries, Inc. has provided to the Defendant,

Terry Ridgeway at the time of service of process with the Complaint in the above styled and numbered cause of action, a

copy of the following:

1.  First Interrogatories Propounded by Plaintiff to Defendant, Terry Ridgeway;

2.  Requests for Production of Documents Propounded by Plaintiff to Defendant, Terry Ridgeway; and

3.  Requests for Admissions to Defendant, Terry Ridgeway.

The originals of the discovery papers are being maintained in the undersigned attorney's files.

Respectfully submitted this the 26th day of February, 2015.

HOWARD INDUSTRIES, INC.

By: _____
Richard L. Yoder
Attorney for Howard Industries, Inc.

_____
Richard L. Yoder, MSB #6640
Richard Lewis Yoder, Jr., MSB #100312
Gilchrist Sumrall Yoder & Boone, PLLC
P.O. Box 106
Laurel, MS 39441-0106
601-649-3351
Attorneys for Howard Industries, Inc.

**FILED**

FEB 26 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

### CERTIFICATE OF SERVICE

I, Richard L. Yoder, do hereby certify that I have this day served a true and correct copy of the above and
foregoing Notice of Service by providing a copy of the same to the Defendant, Terry Ridgeway at the time of
service of process of the Complaint in the above styled cause of action.

_____
Richard L. Yoder

## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
### JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.

PLAINTIFF

VS.

CASE ACTION NO.: 2015-00448

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.

DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI



FILED

MAR 12 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

TO:   Terry Ridgeway
      15679 Alabama Highway 251
      Athens, Alabama 35613

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint, the First Interrogatories Propounded by the Plaintiff to Terry Ridgeway, Requests for Production of Documents Propounded by the Plaintiff to Terry Ridgeway and Requests for Admissions to Defendant, Terry Ridgeway to Richard L. Yoder, the attorney for Plaintiff, whose post office address is Post Office Box 106, Laurel, Mississippi 39441-0106, and whose street address is 415 North Magnolia Street, Suite 400, Trustmark National Bank Building, Laurel, Mississippi 39440. Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint. Your response to the First Interrogatories Propounded by the Plaintiff to Terry Ridgeway, Requests for Production of Documents Propounded by the Plaintiff to Terry Ridgeway and Requests for Admissions to Defendant, Terry Ridgeway must be mailed or delivered within forty–five (45) days from the date of delivery of said documents and this Summons.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 26 day of February, 2015.

Consetta Brooks
Jones County Chancery Clerk

By
Deputy Clerk    DL

## AFFIDAVIT OF SERVICE

CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF JONES COUNTY, MISSISSIPPI

Plaintiff
**HOWARD INDUSTRIES, INC.**

vs.

Defendants

**Case No.: 2015-0044E**
**Compliance Date: 2/28/2015**

**TERRY RIDGEWAY, BETH EZELL AND INLINE
ELECTRIC SUPPLY COMPANY, INC.**

I Sheila Brooks _____, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

**Date/Time Received: 2/27/2015  1:50 PM**

**Document(s): Summons and Complaint; First Interrogatories Propounded by Plaintiff to Defendant, Terry Ridgeway; Requests for Production of Documents Propounded by Plaintiff to Defendant, Terry Ridgeway; Requests for Adm to Defendant, Terry Ridgeway; Notice of Service**

**Serve To: TERRY RIDGEWAY**

**Address: 2880 BOB WALLACE AVE., HUNTSVILLE, AL 35805**

Date Served: 3 2 15  Time Served: 2:02  AM/PM

Method of Service: [ ✔ Individual [ ] Substitute [ ] Corporate [ ] Govt. Agency [ ] Posted [ ] Other [ ] Non-Served )

Person Served: Terry Ridgeway _____ Capacity: _____
Address: 2880 Bob Wallace Ave, Huntsville AL 35805

Military Status: [ ] N/A [ ✔ Not in Military  [ ] Active Duty Military

After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, MS. I served the documents listed above on the ____ day of _____, _____, at the usual place of adobe of said person by leaving a true copy of the documents listed above with _____, who is the _____ (insert family relationship), a member of the family who is above the age of sixteen years old who was willing to receive service. And thereafter on the ____ day of _____, _____, I mailed (by first class postage prepaid) copies to the person served at his/her place of adobe where copies were left.

_____

_____

_____

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Sheila Brooks _____          Executed on 3 2 15

Keith Investigations, LLC d/b/a Qua
418 Pittman Road
Ellisville, MS 39437
(601) 319-2675

State of Alabama
County of Madison
Subscribed and sworn to before me, a notary public, on 3 2 15

_____
Notary Public
My Commission Expires: 9-18-2015

ID: 45890

## IN THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT,
## JONES COUNTY, MISSISSIPPI

HOWARD INDUSTRIES, INC.                                          PLAINTIFF

VS.                                          CASE ACTION NO.: 2015-0044&

TERRY RIDGEWAY, BETH EZELL AND
INLINE ELECTRIC SUPPLY COMPANY, INC.               DEFENDANTS

### SUMMONS

THE STATE OF MISSISSIPPI

TO:    Beth Ezell
       21725 David Dr.
       Elkmont, Alabama 35620



FILED

MAR 12 2015

CONCETTA BROOKS, CHANCERY CLERK
JONES COUNTY, MISSISSIPPI

### NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT
AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint, the First Interrogatories Propounded by the Plaintiff to Beth Ezell, Requests for Production of Documents Propounded by the Plaintiff to Beth Ezell and Requests for Admissions to Defendant, Beth Ezell to Richard L. Yoder, the attorney for Plaintiff, whose post office address is Post Office Box 106, Laurel, Mississippi 39441-0106, and whose street address is 415 North Magnolia Street, Suite 400, Trustmark National Bank Building, Laurel, Mississippi 39440.  Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.  Your response to the First Interrogatories Propounded by the Plaintiff to Beth Ezell, Requests for Production of Documents Propounded by the Plaintiff to Beth Ezell and Requests for Admissions to Defendant, Beth Ezell must be mailed or delivered within forty–five (45) days from the date of delivery of said documents and this Summons.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this **26** day of February, 2015.

Consetta Brooks
Jones County Chancery Clerk

By: _____
      Deputy Clerk

## AFFIDAVIT OF SERVICE

CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF JONES COUNTY, MISSISSIPPI

Plaintiff
**HOWARD INDUSTRIES, INC.**

vs.

Defendants

**Case No.: 2015-0044E**
**Compliance Date: 2/28/2015**

**TERRY RIDGEWAY, BETH EZELL AND INLINE**
**ELECTRIC SUPPLY COMPANY, INC.**

I Sheila Brooks _____, being duly sworn, depose and say, I have been duly authorized to make service of the document(s) listed herein in the above styled case. I am over the age of 18, and am not a party to or otherwise interested in this matter.

**Date/Time Received: 2/27/2015  1:50 PM**

**Document(s): Summons and Complaint; First Interrogatories Propounded by Plaintiff to Defendant, Beth Ezell; Requests for Production of Documents, Propounded by Plaintiff to Defendant, Ezell; Requests for Admissions to Defendant, Notice of Service**

**Serve To: BETH EZELL**

**Address: 2880 BOB WALLACE AVE., HUNTSVILLE, AL 35805**

Date Served 3/2/15   Time Served 2:02   AM/PM

Method of Service: [ ✗ Individual ] [ ] Substitute [ ] Corporate [ ] Govt. Agency [ ] Posted [ ] Other [ ] Non-Served )
Person Served: Beth Ezell _____ Capacity: _____
Address: 2880 Bob Wallace Avenue, Huntsville AL 35805

Military Status: [ ] N/A [ ✗ Not in Military [ ] Active Duty Military

After exercising reasonable diligence, I was unable to deliver copies to said person within _____ county, MS. I served the documents listed above on the ____ day of _____, _____, at the usual place of adobe of said person by leaving a true copy of the documents listed above with _____, who is the _____ (insert family relationship), a member of the family who is above the age of sixteen years old who was willing to receive service. And thereafter on the ____ day of _____, _____, I mailed (by first class postage prepaid) copies to the person served at his/her place of adobe where copies were left.

I declare under penalties of perjury that the information contained herein is correct to the best of my knowledge.

Sheila Brooks _____ Executed on 3 2 15

Keith Investigations, LLC d/b/a Qua
418 Pittman Road
Ellisville, MS 39437
(601) 319-2675

State of Alabama
County of Madison
Subscribed and sworn to before me, a notary public, on 3 2 15

_____
Notary Public
My Commission Expires: 9 13 2015

ID: 45891