IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HOWARD INDUSTRIES, INC.                                                    PLAINTIFF

V.                                             CIVIL ACTION NO. 2:15cv38-KS-MTP

TERRY RIDGEWAY, et al.,
DEFENDANTS

MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion to Remand [15] this case to the Chancery Court of Jones County, Mississippi.

I. BACKGROUND

Prior to the filing of this suit, Defendants Terry Ridgeway (Ridgeway) and Beth Ezell (Ezell) worked for Plaintiff Howard Industries, Inc. (Howard). Compl., ECF No. 1-2 at 10. During their employment, both Ridgeway and Ezell signed a Confidentiality, Non-Disclosure, and Non-Competition Agreement. ECF No. 1-2 at 11. After Ridgeway and Ezell stopped working for Howard, they accepted jobs to work for co-defendant Inline Electric Supply Company, Inc. (Inline). ECF No. 1-2 at 10, 13.

On February 26, 2015 in the Chancery Court of the First Judicial District, Jones County, Mississippi, Howard filed suit against Defendants. ECF No. 1-2 at 10. Howard seeks monetary and injunctive relief against Ridgeway and Ezell for their alleged violations of the Mississippi Uniform Trade Secrets Act, violations of the non-compete contracts, and intentional interference with Howard's contractual and business relationships. ECF No. 1-2 at 11-13, 15-16. Additionally, Howard seeks monetary and injunctive

relief against Inline for its alleged conspiracy with Ridgeway and Ezell, and interference with their non-compete contracts. ECF No. 1-2 at 14, 15-16.

On March 27, 2015, Inline removed the case to this Court. *See* Notice of Removal, ECF No. 1. On April 14, 2015, Howard filed a Motion to Remand and a Motion for Costs and Attorney's Fees. Pl.'s Mot. to Remand and Costs and Att'y's Fees, ECF No. 15. Howard claims the unanimity requirement of 28 U.S.C. § 1446 is not satisfied. ECF No. 15 at 2-3. Howard bases this argument on the forum-selection clause in its non-compete agreements with Ridgeway and Ezell. Ex. A, ECF No. 15-1 at 4, Ex. B, ECF No. 15-2 at 4. Howard argues that the forum-selection clause establishes the sole forum for suits related to the contract, and that Ridgeway and Ezell expressly waived their rights to remove the case. Pl.'s Mot. to Remand, ECF No. 15 at 2-3. Accordingly, Howard argues that Ridgeway and Ezell cannot consent to removal. ECF No. 15. Pursuant to 28 U.S.C. § 1447(c), Howard also requests payment for its costs, actual expenses, and attorney's fees incurred because of the defective removal. ECF No. 15 at 3.

In response, Inline contends that the language in the forum-selection clause was permissive and, therefore, does not require the case to be remanded. Def.'s Resp. in Opp'n to Pl.'s Mot. to Remand, ECF No. 22 at 1. Inline also argues that fees should not be awarded because removal was proper. Def.'s Resp. in Opp'n to Pl.'s Mot. for Att'y's Fees and Costs, ECF No. 24 at 2-3.

## II. DISCUSSION

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States . . . ." 28 U.S.C. § 1441(a) (2013). "When a civil action is removed solely under 28 U.S.C. § 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A) (2013).

The non-compete contracts' forum-selection clause provides:

> Employee agrees that any litigation involving this Agreement shall be brought in the Chancery Court, Second Judicial District, Jones County, Mississippi, and Employee agrees to the jurisdiction thereof and expressly waives any objection to such jurisdiction and venue and agrees to subject himself thereto. Employee specifically waives any right to trial by jury.

Ex. A, ECF No. 15-1, Ex. B, ECF No. 15-2. Howard argues that removal was improper because Ridgeway and Ezell waived their right to remove by signing a contract with this clause. Inline argues the forum-selection clause is permissive, not mandatory.

The Fifth Circuit has held:

> For a contractual clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right. A party may waive its rights by explicitly stating that it is doing so, by allowing the other party the right to choose venue, or by establishing any exclusive venue within the contract.
>
> A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another. For a forum-selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and

must clearly demonstrate the parties' intent to make that jurisdiction exclusive.

*City of New Orleans v. Mun. Admin. Servs.*, 376 F.3d 501, 504 (5th Cir. 2004) (Citations and punctuation omitted).

Here, the forum-selection clause does not explicitly waive Defendants' right to remove. Defendants waived their right to object to the state court's jurisdiction, but it is axiomatic that state and federal courts may have concurrent jurisdiction. *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982). Likewise, the clause does not clearly and unequivocally provide that the state court is the exclusive venue for any litigation, nor does it provide that Plaintiff has the right to choose the venue. The parties merely agreed that the Chancery Court of the Second Judicial District of Jones County, Mississippi, would have jurisdiction over any litigation arising from the non-compete agreements. In short, the forum-selection clause is permissive, rather than mandatory.[1] Indeed, Plaintiff's argument that the clause is mandatory is belied by the fact that it filed the case in the Chancery

---

[1] *See Keaty v. Freeport Indon., Inc.*, 503 F.2d 995, 957 (5th Cir. 1974) (finding the phrase "This agreement shall be construed and enforceable according to the law of the State of New York and that parties submit to the jurisdiction of the courts of New York" to be permissive and not mandatory); *Eastern Fishing & Rental Tool Co., v. Blaney*, No. 2:11CV238, 2012 WL 73234, at *2 (S.D.Miss. Jan. 10, 2012) (finding the phrase "any disputes regarding same shall rest in the appropriate Circuit or Chancery Court of the Second Judicial District of Jones County, Mississippi" to be permissive for lack of unequivocal language establishing an exclusive venue); *Firefighters' Retirement System v. Citco Group Limited*, No. 13-373, 2014 WL 3565716, at *6-*7 (M.D.La. July 18, 2014) (finding the phrase "shall be brought in the Nineteenth Judicial District court" to be permissive because it did not clearly demonstrate the parties' intent to make jurisdiction exclusive).

Court of the First Judicial District of Jones County, Mississippi, rather than in the Second Judicial District, as specified in the forum-selection clause.

### III. CONCLUSION

For the reasons stated above, the Court **denies** Plaintiff's Motion to Remand this case to the Chancery Court of Jones County, Mississippi.

SO ORDERED this the 27th day of May, 2015.

        *s/Keith Starrett*
        UNITED STATES DISTRICT JUDGE