IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

HOWARD INDUSTRIES, INC.                                                         PLAINTIFF

V.                                                       CIVIL ACTION NO. 2:15CV38-KS-MTP

TERRY RIDGEWAY, et al.,                                                       DEFENDANTS

MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants** Inline's Motion to Dismiss [ECF No. 10].

I. BACKGROUND

Defendants Terry Ridgeway ("Ridgeway") and Beth Ezell ("Ezell") worked for Plaintiff Howard Industries, Inc. ("Howard"). *See* Compl., ECF No. 1-2. While employed by Howard, Ridgeway and Ezell each signed a Confidentiality, Non-Disclosure, and Non-Competition Agreement. *Id.* After they stopped working for Howard, they accepted jobs with co-defendant Inline Electric Supply Company, Inc. ("Inline"). *Id.*

On February 26, 2015, Howard filed suit against Defendants in the Chancery Court for the First Judicial District of Jones County, Mississippi. *Id.* Howard seeks monetary and injunctive relief against Ridgeway and Ezell for their alleged violations of the Mississippi Uniform Trade Secrets Act, violations of the non-compete contracts, and intentional interference with Howard's contractual and business relationships. *Id.* Additionally, Howard seeks monetary and injunctive relief against Inline for its alleged conspiracy with Ridgeway and Ezell, and interference with their non-compete contracts. *Id.*

On March 27, 2015, Inline removed the case to this Court. *See* Notice of Removal, ECF No. 1. It then filed a Motion to Dismiss pursuant to Rule 12(b)(2). *See* Mot. to Dismiss, ECF No. 10.

## II. DISCUSSION

"A federal court sitting in diversity may exercise personal jurisdiction only to the extent permitted [in] a state court under state law." *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006) (citations omitted). "The court may only exercise jurisdiction if: (1) the state's long-arm statute applies, as interpreted by the state's courts, and (2) if due process is satisfied under the 14th Amendment to the federal Constitution." *Id.* (citing *Alfred v. Moore & Peterson*, 117 F.3d 278 (5th Cir. 1997)). "When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident . . . . A plaintiff satisfies this burden by presenting a prima facie case for personal jurisdiction." *Unified Brands, Inc. v. Teders*, 866 F. Supp. 2d 572, 577 (S.D. Miss. 2012) (citations omitted). "The district court is not obligated to consult only the assertions in the plaintiff's complaint . . . . Rather, the district court may consider the contents of the record at the time of the motion, including affidavits . . . ." *Paz*, 445 F.3d at 812 (citations omitted). But "uncontroverted allegations in the plaintiff's complaint must be accepted as true, and all disputed facts must be construed in the plaintiff's favor." *Blacklidge Emulsions, Inc. v. Blankenship*, No. 1:13-CV-293, 2013 WL 6492876, at *1 (S.D. Miss. Dec. 10, 2013) (citations omitted).

A. **Long-Arm Statute**

"Mississippi's long-arm statute provides the courts shall have jurisdiction over a nonresident who: (1) makes a contract with a resident of this state to be performed in whole or in part by any party in this state, (2) commits a tort in whole or in part in this state against a resident or nonresident, or (3) does any business or performs any character of work or service in this state." *Smith v. Antler Insanity, LLC*, 58 F. Supp. 3d 716, 720 (S.D. Miss. 2014) (citing Miss. Code Ann. § 13-3-57 (1991)) (punctuation omitted).

Plaintiff argues Inline is subject to personal jurisdiction under the tort prong of Mississippi's long-arm statute. *See* Pl.'s Resp. to Mot. to Dismiss, ECF No. 19.

> When personal jurisdiction is predicated on the commission of a tort . . . . [t]he plaintiff must not only show that a tort has occurred . . . . The plaintiff must also make a prima facie showing that the tort occurred within Mississippi. Mississippi courts do not require that the action giving rise to the tort actually occur in Mississippi in order for a tort to be committed in state. Further, a tort is committed in Mississippi when the injury results in this State. This is true because an injury is necessary to complete a tort . . . . [T]he consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or site where such consequences happen to occur. However, the result is different when the damages are an element of the tort.

*Smith*, 58 F. Supp. 3d at 720 (citations and punctuation omitted).

Plaintiff alleges Inline tortiously interfered with the non-compete contracts signed by Ridgeway and Ezell by requiring "Ridgeway and Ezell to violate and breach the terms" of the agreements "for the benefit of Inline." Compl., ECF No. 1-2 at 14.

> "Mississippi recognizes the claim of tortious interference with a business relationship, which occurs when a person unlawfully diverts prospective customers from one's business. The elements necessary to prove such claim are (1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful

>> business; (3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulted."

*Smith*, 58 F. Supp. 3d at 720-21 (citations omitted).

Plaintiff claims Inline's tortious interference caused damage to Plaintiff's business in Mississippi. *See* ECF No. 1-2. The alleged damage "would necessarily occur in Mississippi as [it is] the principal place of business for" Plaintiff. *Unified*, 868 F. Supp. 2d at 579. Accordingly, Plaintiff made a prima facie showing that Inline committed a tort in whole or part in Mississippi against Plaintiff, a Mississippi resident, subjecting Inline to the jurisdiction of the Mississippi courts. *See Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997) (explaining that "[u]nder the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi").

### B. Due Process

>> The next step in analyzing whether the court has personal jurisdiction is
>>
>> whether the exercise of such jurisdiction under state law would comport with the dictates of the Fourteenth Amendment Due Process Clause. This Clause permits the exercise of personal jurisdiction over a nonresident defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice.
>>
>> Minimum contacts, for the purpose of satisfying due process, can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction.

*Unified*, 868 F. Supp. 2d at 579 (citations omitted). Plaintiff argues specific jurisdiction is proper here. To determine whether specific jurisdiction exists, the Court applies a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Blacklidge*, 2013 WL 6492876 at *3 (quoting *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009).

Here, Plaintiff provided few facts to support its allegation that Inline's activities are purposely directed towards Mississippi. Plaintiff merely provided the Court with conclusory statements of Inline's alleged conspiracy and tortious interference.[1] Furthermore, Plaintiff provided no specific facts regarding Inline's alleged actions.

> Although jurisdictional allegations must be accepted as true, such acceptance does not automatically mean that a prima facie case for specific jurisdiction has been presented. Establishing a prima facie case still requires the plaintiff to show the nonresident defendant's purposeful availment of the benefits and protections of and minimum contacts with the forum state . . . . [T]he prima-facie-case requirement does not require the court to credit conclusory allegations, even if uncontroverted.

---

[1] *See* Compl., ECF No. 1-2 (stating "Inline conspired with Ridgeway and Ezell . . . in an effort to cause Howard damage in its lawful business . . . . Inline intentionally, willfully and maliciously encouraged and directed and required Ridgeway and Ezell to violate and breach the terms of . . . [their] agreement[s] . . . ."); ECF No. 20 (stating "Inline had knowledge of the non[-]compete agreements . . . . Howard's business and contract relationships were injured due to the tortious conduct of Ridgeway and Ezell . . . .")

*Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.2d 865, 868-69 (5th Cir. 2001) (citations omitted). Here, Plaintiff's conclusory allegations are insufficient to establish a prima facie case that the Court has specific jurisdiction.

Plaintiff cites *Blacklidge*, 2013 WL 6492876 at *2, and *Unified*, 868 F. Supp. 2d at 577-82 to support its position. Both cases are distinguishable. In *Blacklidge*, the plaintiff alleged specific facts, describing how, when, and where the defendants committed acts of conspiracy and tortious interference. *Blacklidge*, 2013 WL 6492876 at *1. In *Unified*, the plaintiff provided e-mail communications between the defendants to support its tortious interference claim. *Unified*, 868 F. Supp. 2d at 580. Therefore, in both cases, the court had sufficient evidence and/or factual allegations in the complaint to satisfy the due process requirement. *Id.*; *Blacklidge*, 2013 WL 6492876 at *3. Here, Plaintiff submitted no evidence supporting its conclusory allegations against Inline, and it alleged no factual details to support its claim.

Plaintiff also argues Inline had contacts with Mississippi because of its communications and business relationships with A to Z Muni-DOT ("A to Z"), a division of Howard Industries. *See* ECF No. 19. However, Plaintiff has not demonstrated or argued that its claims arise out of or result from Inline's contacts with A to Z. *Blacklidge*, 2013 WL 6492876 at *3 (providing requirements for specific jurisdiction). Finally, Plaintiff supplied invoices demonstrating that Inline had purchased supplies from Plaintiff,[2] but – again – Plaintiff failed to demonstrate or argue that its claims against Inline arise out of those purchases. *Id.*

---

[2] *See* ECF No. 19-1 Ex. A.

## III. CONCLUSION

For the reasons above, the Court finds that Plaintiff failed to allege sufficient facts or provide evidence to demonstrate that the elements of specific jurisdiction have been met. Accordingly, the Court **grants** Inline's Motion to Dismiss [ECF No. 10]. Furthermore, Howard's claims against Inline are dismissed **without** prejudice.

SO ORDERED this the 29th day of June, 2015.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE